```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Travelers Indemnity Company,

                    Plaintiff,             07-CV-2519
                                           (CPS)(JMO)
    - against -

Liberty Medical Imaging Associates, P.C.,  MEMORANDUM OPINION
d/b/a Richmond Hill Imaging, OMF Medical   AND ORDER
Imaging, P.C., Queens Diagnostic Imaging,
P.C., Ocean Diagnostic Imaging, P.C., Big
Apple Medical Diagnostic, P.C., Metro
Diagnostic Imaging, P.C., OPH Management,
Inc., Scan Management, Co., Inc.,
Alexander Kaluzhsky, Alex Singer, TOL
Management Co., Inc., Anatoli Merenzon,
BJ Management, LLC, Bernard Joseph, Kings
Medical Management, Inc., Edward Taubes,
Yan Moshe a/k/a Yan Leviyev, Boris
Mosheyev, Vyacheslav Sadykov a/k/a Steve
Sadykov, M & R Management of NY, Inc.,
World Trade Consulting Management Group,
Inc., Alexander Bromberg, Clearview Health
Management, Inc., Grand Health Management,
Inc.,

                    Defendants.

----------------------------------------X

SIFTON, Senior Judge.
```

Plaintiff Travelers Indemnity Company brings this action against defaulting defendants Liberty Medical Imaging Associates, P.C. d/b/a Richmond Hill Imaging ("Liberty"); OMF Medical Imaging, P.C. ("OMF"), and its management corporation TOL Management Co. ("TOL") (collectively, the "OMF Defendants"); Queens Diagnostic Imaging, P.C. ("Queens"), its management corporation BJ Management LLC ("BJ"), and BJ's owner Bernard Jospeh ("Joseph") (collectively, the "Queens Defendants"); Ocean

Diagnostic Imaging, P.C. ("Ocean"); Big Apple Medical Diagnostics, P.C. ("Big Apple"), its management corporation M & R Management of New York ("M&R"), and M&R's owner Vyacheslav Sadykov, also known as "Steve Sadykov" ("Sadykov") (collectively, the "Big Apple Defendants"); and Metro Diagnostic Imaging, P.C. ("Metro").[1]  Plaintiff asserts claims of common law fraud and unjust enrichment, seeking compensatory damages as well as declaratory and injunctive relief.

On March 15, 2009, Magistrate Judge James Orenstein issued a Report and Recommendation ("R&R") disposing of plaintiff's claims against the defaulting defendants.  Presently before this Court are plaintiff's objections to the March 15, 2009 Report and Recommendation.  For the reasons set forth below, I adopt in part and modify in part the Report and Recommendation.

## BACKGROUND

The factual background of this case is recited in Magistrate Judge Orenstein's Report and Recommendation, and plaintiff has made no objection to that portion of the Report.  What follows is a relevant procedural history of this matter.

Plaintiff filed the Complaint herein on June 22, 2007.  Several defendants answered, but many did not.  Plaintiff thereafter entered into settlement agreements with each defendant

---

[1] In its Complaint, plaintiff also asserted claims against several other defendants, but the claims against those defendants have been settled out of court.  See Report and Recommendation of Magistrate Judge James Orenstein dated March 15, 2009, at 4.

who appeared in the matter, as well as with two which originally defaulted. On August 30, 2007, and May 19, 2008, the Clerk of this Court noted the default of the remaining defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Plaintiff submitted its motions for default judgment on October 10, 2008; they were thereafter filed on the docket under seal on October 20, 2008, on the ground that they reflect prior confidential settlements with co-defendants. After holding an evidentiary hearing, during which plaintiff explicitly withdrew its request for injunctive relief, Magistrate Judge Orenstein filed a Report and Recommendation disposing of plaintiff's claims remaining on March 19, 2009. The Report recommended that I find the remaining defendants liable on plaintiff's common law fraud claims and claims for unjust enrichment, and included specific recommendations as to the amount of compensatory damages and interest to which plaintiff is entitled from each defendant. In addition, the Report recommended that I decline to award plaintiff punitive damages and that I deny plaintiff's request for declaratory relief.

On March 30, 2009, plaintiff filed objections to the portion of the Report and Recommendation which concluded that I should not grant declaratory relief to plaintiff.

**DISCUSSION**

I.   Standard for Consideration of Objections to a Magistrate Judge's Report and Recommendation

Federal Rule of Civil Procedure 72(b) provides that when ruling on objections to a Magistrate Judge's report and recommendation, which is dispositive of a case,

> [t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).  See also 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made . . . [and] may also receive further evidence"); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989) (noting that the district court's review of a Magistrate Judge's recommendation is de novo and that the district judge may consider new evidence).  Accordingly, I review the Magistrate Judge's Report and Recommendation de novo, taking into account the new evidence plaintiff has submitted along with its objections.

II.   Unopposed Recommendations of the Magistrate Judge

As an initial matter and with plaintiff's consent, I adopt the portion of the Report and Recommendation in which, for the

reasons stated therein, Magistrate Judge Orenstein concludes that defendants are liable to plaintiff for common law fraud and unjust enrichment. I also adopt Magistrate Judge Orenstein's recommendations as to the amount of compensatory damages and interest to which plaintiff is entitled from each of the remaining defendants.

However, I decline to adopt Magistrate Judge Orenstein's recommendation that I issue an order unsealing plaintiff's original submissions in support of its motions for default judgment in their entirety. As the Report and Recommendation notes, those submissions contain specific information concerning confidential settlement agreements between plaintiff and certain of the defendants who appeared. Plaintiff furnished this confidential information to Magistrate Judge Orenstein in order to justify its claims for compensatory damages against the defaulting parties associated with four medical service corporations, which plaintiff acknowledged must be offset by the amounts it received in settlement from appearing parties associated with those same four medical service corporations. None of the parties (and significantly, none of the defaulting defendants) have requested that the record be unsealed, and as Magistrate Judge Orenstein noted in his Report and Recommendation, several parties have affirmatively requested that the record remained confidential. R&R at 4 n.1. While it is

true that "a party engaged in litigation is not entitled to insist on confidentiality[,]" *McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 342 (2d Cir. 2005) (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004) ("The public's stake in the propriety and particulars of the court's adjudication does not evaporate upon the parties' subsequent decision to settle")), in this case, the parties' mutual interest in maintaining the confidentiality of settlement negotiations outweighs the general public interest in disclosure of the particulars of judicial proceedings, especially given the apparent lack of prejudice to any particular party should the record remain sealed. *See U.S. v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 858 (2d Cir. 1998) (recognizing prior holding that "the district court may seal documents in order to foster settlement, and that the district court's power to seal documents 'takes precedence over FOIA rules that would otherwise allow those documents to be disclosed[,]'" and concluding that "the presumption of access to settlement negotiations, draft agreements, and conference statements is negligible to nonexistent") (citations omitted). Accordingly, I decline to adopt Magistrate Judge Orenstein's recommendation that I order the entirety of plaintiff's moving papers unsealed, and I direct that plaintiff's moving papers be unsealed except to the extent they reveal confidential information concerning the terms of settlements with co-defendants.

III. <u>Opposed Recommendation Concerning Declaratory Relief</u>

In its complaint, plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201-02[2] that defendants have no right to receive payment for any pending bills that they previously submitted to plaintiff. Compl. ¶ 118. Plaintiff objects to the portion of the Report and Recommendation concluding that I should decline to grant such declaratory relief to plaintiff.

    1. *Standard for Declaratory Relief*

A party seeking a declaratory judgment from a district court bears the burden of proving the existence of an actual case or controversy. *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 (1993); 28 U.S.C. § 2201(a). An "actual controversy" has been defined as one that is "real and substantial . . . admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Olin Corp. v. Consol. Aluminum Corp.*, 5 F.3d 10, 17 (2d Cir. 1993) (internal citations omitted). That a party's liability may be contingent "does not necessarily

---

[2] 28 U.S.C. § 2201(a) provides in relevant part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2202 provides: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

defeat jurisdiction of a declaratory judgment action. Rather, courts should focus on the practical likelihood that the contingencies will occur[.]" *Assoc. Indemnity Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32 (2d Cir. 1992) (internal citations omitted); *see also E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154, 177 (2d Cir. 2001).

Declaratory relief is "proper only (1) where the judgment will serve a useful purpose in clarifying and settling the legal relations in issue; or (2) when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceedings." *Maryland Cas. Co. v. Rosen*, 445 F.2d 1012, 1014 (2d Cir. 1971) (citing *Broadview Chemical Corp. v. Loctite Corp.*, 417 F.2d 998, 1001 (2d Cir. 1969)). In deciding whether a plaintiff has stated a claim for declaratory relief, a federal court applies the state substantive law of the forum in which it sits. *Universal Acupuncture v. State Farm Mut. Auto. Ins.*, 196 F. Supp.2d 378, 385 (S.D.N.Y. 2002).

2. *The Magistrate Judge's Recommendation*

Magistrate Judge Orenstein recommended that I deny plaintiff's request for a declaratory judgment on two grounds. First, he concluded that plaintiff had not established this Court's jurisdiction to grant such relief. *See* R&R at 19-20. Noting that plaintiff's complaint contains only conclusory assertions that an actual controversy exists, and further, that

plaintiff had not submitted any evidence providing information about or demonstrating the existence of pending claims by defendants against plaintiff for payment in other fora, Magistrate Judge Orenstein reasoned that plaintiff had not established the existence of a live controversy as to which this Court could properly grant declaratory relief.

Second, even if plaintiff had established that this Court has jurisdiction to issue a declaratory judgment, Magistrate Judge Orenstein recommended that I abstain from granting declaratory relief. In so recommending, he quoted extensively from *Allstate Ins. Co. v. Valley Physical Med. & Rehab, P.C.*, 475 F.Supp.2d 213, 233-34 (E.D.N.Y. 2007), *vacated in part on other grounds on reconsideration*, 555 F. Supp. 2d 335 (E.D.N.Y. 2008). In *Valley*, which, like this case, involved a plaintiff insurer's claims for damages in addition to declaratory relief against a defendant provider of medical services, Senior Judge Hurley determined that abstention was appropriate with regard to plaintiff's claim for declaratory relief pursuant to the Supreme Court's decision in *Wilton v. Seven Falls Company*, 515 U.S. 277 (1995). *Valley*, 475 F.Supp.2d at 233-34. In *Wilton*, the Supreme Court held that a district court's determination whether and when to entertain an action under the Declaratory Judgment Act is governed by the discretionary standard set forth in *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942), rather

than the stricter test set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), under which district courts must point to "exceptional circumstances" to justify staying or dismissing federal proceedings. *See Wilton*, 515 U.S. at 281-82, 290-91.

    3.   *My Analysis*

Plaintiff devotes the largest part of its brief in support of its objections to arguing that *Brillhart/Wilton* discretionary standard for abstention does not apply to this case. While plaintiff acknowledges that district courts retain broad discretion in deciding whether to entertain an action for declaratory relief under the *Brillhart/Wilton* standard, *see Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003) (per curiam) (district courts have "a broad grant of discretion to . . . refuse to exercise jurisdiction over a declaratory action that they would otherwise be empowered to hear"), plaintiff argues that the *Brillhart/Wilton* standard does not apply to actions in which declaratory relief is not the sole remedy sought by plaintiff. In support of its argument, plaintiff cites several cases decided by courts in this circuit declining to apply the *Brillhart/Wilson* standard to actions for damages as well as declaratory relief. *See, e.g.*, *Village of Westfield v. Welch's*, 170 F.3d 116, 124 n.5 (2d Cir. 1999) ("We note that the Supreme Court held in *Wilton* . . . that a

discretionary standard, and not the *Colorado River* exceptional circumstances standard, governs a district court's decision to stay a declaratory judgment action on grounds of a parallel state court proceeding. *Wilton* does not apply here. Although [counterclaimant] did seek a declaration of rights[, . . . ] the federal action did not seek purely declaratory relief"); *State Farm Mutual Auto. Ins. Co. v. Liguori*, 589 F.Supp.2d 221, 238 (E.D.N.Y. 2008) (noting that "it is well established that the flexible *Brillhart* standard does not apply to such declaratory judgment cases if the suit involves claims for damages as well as a request for declaratory relief"); *State Farm Mutual Auto. Ins. Co. v. Schepp*, Nos. 07-CV-1353, 07-CV-1820, 2008 WL 1994856, at *4 (E.D.N.Y. May 7, 2008) ("*Brillhart/Wilton* abstention, which only applies to declaratory judgment actions, also merits little discussion: it does not apply because plaintiffs seek, in addition to declaratory relief, damages based on theories of fraud and unjust enrichment").

I note, however, that in the cases cited by plaintiff, the parties seeking abstention argued that those courts should abstain from entertaining the entirety of the claims in those cases, including claims for damages and other forms of relief as well as claims for declaratory relief. By contrast, in *Valley*, Judge Hurley applied the *Brillhart/Wilton* standard in abstaining from considering only that portion of the *Valley* plaintiff's

complaint that stated a claim for declaratory relief. *Valley*, 475 F.Supp.2d at 233-34. The Second Circuit appears to have endorsed this approach. *See, e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp*, 108 F.3d 17 (2d Cir. 1997) (affirming district court's application of the discretionary *Wilton* standard in abstaining from considering a request for declaratory judgment, but retaining jurisdiction to adjudicate the interpleader issues raised in the complaint). *But see BFI Waste Sys. of North Am., Inc. v. Travelers Cas. and Sur. Co.*, No. 94-507, 1999 WL 813879, at *3 (D.N.H. Oct. 6, 1999) (citing *Welch's*, 170 F.3d at 124-25 n.5 and noting without discussion that "[t]he Second and Fifth Circuits apply the *Colorado River* standard to decide abstention in cases with mixed claims").

I need not resolve the question of whether the *Brillhart/Wilton* standard applies here, however (and, if so, whether I should abstain from considering plaintiff's claim for declaratory relief), because like Magistrate Judge Orenstein, I conclude that plaintiff has failed to establish the existence of an actual controversy upon which declaratory relief may be granted. As Magistrate Judge Orenstein correctly noted:

> If Travelers had pleaded and proved that it remained subject to pending claims for payment by the ineligible [defendant] MSCs, it would have demonstrated such a live controversy, but that is not what it has done. The only allegation in the Complaint on the matter does no more than make the conclusory assertion that "[t]here is an actual case in [sic] controversy between Travelers and the [MSCs] regarding more than Five Hundred Thousand ($500,000.00) Dollars in

> fraudulent billing for radiology services that has been submitted to the Travelers." Complaint ¶ 114. By its terms, that allegation does not compel the conclusion that any of the fraudulent bills remain pending[.] . . . As a result the defendants' default, standing alone, does not serve to establish its truth. *See*, *e.g.*, *Century 21 Real Estate, LLC v. Raritan Bay Realty, Ltd.*, 2008 WL 4190955, *3 (E.D.N.Y. Sept. 3, 2008) ("a default does not establish conclusory allegations") (citing cases).
>
> Nor does the evidentiary record developed in connection with the instant motion fill the gap. None of the evidence that Travelers has submitted provides any information about, or even demonstrates the existence of, any pending claim for payment by any ineligible MSC[.]

R&R at 19. Plaintiff has attempted to cure this deficiency by submitting evidence that it is currently engaged in a number of proceedings against the defaulting defendants in various other venues. *See* Mem. In Sup. Of Limited Objections, Ex. A (spreadsheet purportedly identifying proceedings between plaintiff and defaulting defendants in other venues). While it is true that I may consider evidence that was not submitted to Magistrate Judge Orenstein, *see* Fed. R. Civ. P. 72(b), the "new evidence" submitted here consists of an unsworn spreadsheet listing a number of legal proceedings and identifying each proceeding's "claim number," "plaintiff," "assignor," "index no.," and "venue." It does not specify when the proceedings were initiated or whether they are still pending, nor does it shed any light on the nature of the proceedings. Given these uncertainties, the unsworn spreadsheet is an insufficient basis upon which to conclude that plaintiff is subject to pending claims for benefits submitted by the defaulting defendants in

other fora.  Therefore, plaintiff has not established the existence of an actual controversy, and accordingly, a declaratory judgment that the defaulting defendants have no right to receive payment for any pending bills they may have submitted to plaintiff is inappropriate.

## CONCLUSION

For the foregoing reasons, I adopt in part and modify in part Magistrate Judge Orenstein's March 15, 2009 Report and Recommendation.  Plaintiff is directed to settle an order unsealing its motion papers as described herein and a judgment in favor of plaintiff and against defendants in the amounts set forth in the Report and Recommendation and dismissing all other claims and parties.  *C.f.* Rule 54(b) of the Federal Rules of Civil Procedure.  The Clerk is also directed to transmit a copy of the within to all parties and the assigned Magistrate Judge.


SO ORDERED.

Dated :   Brooklyn, New York
          April 8, 2009

              By: <u>/s/ Charles P. Sifton (electronically signed)</u>
                  United States District Judge